**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARSHALL DeWAYNE WILLIAMS,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-13-2223** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

**I.    Introduction**

Marshal DeWayne Williams is a federal prisoner currently incarcerated at USP Lewisburg, in Lewisburg, Pennsylvania.  He commenced the above-captioned action by filing a *pro se* petition for relief of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Liberally construing Mr. Williams' habeas petition, he appears to be challenging multiple federal convictions and indictments, obtained from various federal district courts across the United States.  He argues he is being held "in custody without statutory authority" as 18 U.S.C. 4084 was repealed in 1989.  (*Id.*, ECF p. 6 and p. 14.)

Simultaneous to the filing of his Petition, Mr. Williams filed a motion for leave to proceed *in forma pauperis* (Doc. 6), a motion for appointment of counsel (Doc. 4), and two motions for an evidentiary hearing (Docs. 5 and 8).

For the reasons that follow, the Petition will be summarily dismissed.

## II.     Background[1]

In 1984, Mr. Williams was convicted by a jury in the United States District Court for the North District of Texas of one count each of malicious destruction of property used in interstate commerce, resulting in death; possessing an unregistered firearm; and making a firearm without regulatory approval. *See U.S. v. Williams*, 775 F.2d 1295, 1297 (5th Cir. 1985), *cert. denied* 475 U.S. 1089, 106 S.Ct. 1477, 89 L.Ed.2d 732 (1986).  Mr. Williams planted a pipe-bomb in a newspaper vending machine.  The pipe-bomb exploded, killing Mr. Williams' stepfather.  Mr. Williams was sentenced to a term of life imprisonment for count one, and two terms of ten years imprisonment for counts two and three, with the latter two terms running concurrently to one another and consecutive to the first count. (*Id.*)  On direct appeal, the court affirmed his convictions, but vacated his life sentence and remanded for resentencing on count one.  (*Id.*)  On remand, the district court sentenced him to 99 years on count one.  All other aspects of the sentencing order were affirmed.  (*Id.)*  Mr. Williams then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied.  *U.S. v. Williams*, 110 F. App'x 400 (5th Cir. 2004).

In 2001, Mr. Williams filed a petition for writ of habeas corpus in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 2241, challenging the validity of his Texas conviction.  The petition for writ of habeas

---

[1]  Due to the brevity of facts and criminal history presented in Mr. Williams' habeas petition, the Court obtained this information from legal research engines, as well as the federal judiciary's Public Access to Court Electronic Records (PACER) system.

-2-

corpus was denied because Mr. Williams failed to demonstrate that § 2255 was inadequate or ineffective remedy to challenge the validity of his North District of Texas conviction.  *See Williams v. Ray*, 46 F. App'x 598 (10th Cir. 2002).  The Tenth Circuit Court of Appeals affirmed the denial of the habeas petition.  (*Id.*)

In 2001, Mr. Williams, along with other federal prisoners, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241in the United States District Court for the District of Kansas, asserting that they were entitled to resentencing under the federal sentencing guidelines enacted subsequent to their convictions. The district court denied the petition.  *See Bledsoe v. U.S.*, No. 01-3168-RDR, 2002 WL 126623 (Jan. 28, 2002).  The Tenth Circuit Court of Appeals affirmed the district court's decision.  *Bledsoe v. U.S.*, 384 F.3d 1232 (10th Cir. 2004), *cert. denied* 544 U.S. 962, 125 S.Ct. 1745, 161 L.Ed.2d 605 (2005).

Subsequently, Mr. Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his federal sentence had ceased to exist as a matter of law following the repeal of 18 U.S.C. § 4082.  *See Williams v. T.C. Outlaw*, U.S.D.C. 05-2305-B/P (W.D. Tenn. Mar. 31, 2006).[2]  The district court denied the petition and Mr. Williams appealed.  The Sixth Circuit Court of Appeals affirmed the district court's ruling.  Specifically, the Sixth Circuit Court of Appeals held that Mr. Williams'

> challenge to his continued imprisonment is grounded on
> certain provisions of the Sentencing Reform Act of 1984,

---

[2]  The court takes judicial notice of the final order in *Williams v. T.C. Outlaw*, U.S.D.C. 05-2305-B/P (W.D. Tenn. Mar. 31, 2005), available through PACER at http://www.pacer.gov/.

> Pub. L. No. 98-473, 98 Stat. 1987. which repealed 18
> U.S.C. § 4082, which required federal courts to commit
> convicted persons to custody of the Attorney General or
> his authorized representative. Portions of Williams's
> appellate brief suggest that the repeal of § 4082(a)
> terminated the Bureau of Prisons' authority to keep him
> in custody. But under the general savings clause of the
> United States Code, § 4082(a) remains in force as to
> Williams. *See* 1 U.S.C. § 109; *Harris v. Sivley*, No. 92-
> 15429, 1993 WL 210672, at *3 (9th Cir. June 15,
> 1993)("when [§4082(a)] was repealed, the Attorney
> General did not lose the power to hold the appellant.")

*Williams v Outlaw*, U.S.C.A. No. 06-5560 (6th Cir. Dec. 5, 2006).[3]

Meanwhile, on January 23, 2009, Mr. Williams was convicted in the United States District Court for the Western District of Tennessee for one count of mailing threatening communications to a federal judge who presided over one of his habeas cases. *U.S. v .Williams*, 641 F.3d 758, 764-66 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S.Ct. 348, 181 L.Ed.2d 219 (2011). On appeal, the Sixth Circuit Court of Appeals affirmed Mr. Williams' conviction but vacated his sentence. (*Id.*) Before his resentencing, Mr. Williams filed a motion for a writ of discharge. The district court denied the motion. Mr. Williams was eventually resentenced to 96 months of imprisonment to run consecutive to his existing federal sentence. Mr. Williams appealed both his new term of imprisonment and the denial of his motion for a writ of discharge. The Sixth Circuit Court of Appeals consolidated the appeals. *See U.S. v. Williams*, Nos. 12-5818/6497 (6th Cir. Nov. 21, 2013)(unpublished

---

[3] A copy of the Sixth Circuit Court of Appeals' unpublished opinion in this matter is also available through PACER.

opinion).[4]  On November 21, 2013, the appellate court affirmed the district court's resentencing of Mr. Williams and its denial of his motion for a writ of discharge.  (*Id.*)

On August 17, 2009, Mr. Williams filed a "petition for emergency writ of habeas corpus ad subjiciendum" with the United States District Court for the Eastern District of Kentucky.  *Williams v. Zuercher*, No. 09-CV-127, 2010 WL 420066 (Feb. 1, 2010).  He again raised the "claims that the BOP no longer ha[d] the authority to continue him in federal custody, because of the repeal of 18 U.S.C. §§ 4082(a) and 4084 by section 218(a) of the Sentencing Reform Act, Pub. L. No. 98-473, 98 Stat. 1987.  (*Id.* at *3.)  The district court summarily denied the petition as barred by the doctrine of claim preclusion as "Mr. Williams' claim [was] virtually identical to the claim in his prior habeas petition concerning the authority of the BOP to continue to hold him in custody following the repeal of Section 4082(a)."  (*Id.*)

On July 1, 2010, Mr. Williams was indicted in the Eastern District of Kentucky for interfering with a United States Secret Service agent engaged in his official duties and the possession of a prohibited weapon, a shank, while incarcerated.  *U.S. v. Williams*, Criminal Action No. 7:10-17-DCR, 2010 WL 3120189 (E.D. Ky. Aug. 5, 2010).  On April 19, 2011, the district court granted the United States' motion to dismiss the indictment against Mr. Williams without prejudice.  *See U.S. v. Williams*, Criminal Action No. 7:10-17-DCR, Doc. 129.[5]  Mr. Williams' appeal to the Sixth Circuit Court of Appeals was dismissed for lack of jurisdiction.  *See Id.*, Doc. 137.

---

[4]  Available via PACER.

[5]  Available via PACER.

Mr. Williams' present habeas corpus petition was originally filed in the United States Court of Appeals for the Sixth Circuit while his direct appeal challenging his mailing threatening communications was pending.  (Doc. 1, Pet., ECF p. 15.)  He was advised by the Sixth Circuit Court of Appeals to file the petition in district court. As Mr. Williams is confined at USP-Lewisburg, he filed his § 2241 petition in this district.  Mr. Williams' petition simply "incorporates by reference both appellate counsel's and the government's statement of facts in his" appeal before Sixth Circuit Court of Appeals challenging the Western District of Tennessee's denial of his motion for a writ of discharge and his sentence imposed for mailing a threatening communication to a federal judge.  (Doc. 1, Pet.)  He also challenges the BOP's authority to detain him following the repeal of 18 U.S.C. § 4084.  (*Id.*, ECF p. 14.)


IV.    **Discussion**

"Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).  This matter is before the Court for screening. *See* 28 U.S.C. § 2243.  The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petition under Rule 1(b)).  *See Patton v. Fenton,* 491 F.Supp. 156, 158–59 (M.D.Pa. 1979).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on

the respondent by ordering an unnecessary answer.  *Allen v. Perini*. 26 Ohio Misc.

149, 424 F.2d 134, 141 (6th Cir. 1970).

 

**A.**    **Lack of Jurisdiction Over Claims Challenging his Threat by Communications Conviction.**

Challenges to the legality of federal convictions or sentences that are

allegedly in violation of the Constitution may generally be brought only in the district

of sentencing pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d

117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct.

2298, 2303, 41 L.Ed.2d 109 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir.

1997).  Once relief is sought via section 2255, an individual is prohibited from filing a

second or subsequent 2255 petition unless the request for relief is based on "newly

discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, a defendant may not pursue a 2241 petition except in the unusual

situation where the remedy by motion under section 2255 would be inadequate or

ineffective."  *Id.*; *Dorsainvil*, 119 F.3d at 151-52.  Notably, § 2255 is not "inadequate

or ineffective" merely because the sentencing court has previously denied relief.

*See Id.* at 251.  Nor do legislative limitations, such as statutes of limitations or

gatekeeping provisions, placed on § 2255 proceedings render the remedy

inadequate or ineffective so as to authorize pursuit of a § 2241 habeas corpus

petition in this court.  *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2001); *see*

*also United States v. Brooks,* 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F3d

at 251.  If a petitioner improperly challenges a federal conviction or sentence under

§ 2241, the petition must be dismissed for lack of jurisdiction.  *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

Application of the above principles compels the conclusion that Mr. Williams' current claims challenges the legality of his conviction and sentence, therefore, fall within the purview of a motion under § 2255.  Mr. Williams may not raise such claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective.  *See* 28 U.S.C. § 2255; *see also Dorsainvil,* 119 F.3d at 151-52.  Mr. Williams is clearly unable to make such a showing with respect to his original conviction from the Northern District of Texas as he previously filed a § 2255 petition challenging that conviction.  Additionally, as the United States District Court of Kansas has already held, he has failed to demonstrate the inadequacy or ineffectiveness of § 2255 to challenge that conviction.  *See Williams v. Ray,* 46 F. App'x 598 (10th Cir. 2002).  With respect to Mr. Williams' conviction out of the Western District of Tennessee, he is likewise unable to establish the inadequacy or ineffectiveness of § 2255 as he has not yet filed a § 2255 motion with the sentencing court.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the Court will dismiss the portions of Mr. Williams' § 2241 petition that challenge his prior federal convictions for lack of jurisdiction.

**B.    Abuse of Writ**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996,

Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  A second or successive § 2241 habeas corpus petition may be

dismissed by the district court under § 2244(a). *See, e.g., Felker v. Turpin,* 518 U.S.

651, 664, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996); *Queen v. Miner,* 530 F.3d

253, 255 (3d Cir. 2008).  A district court may dismiss a § 2241 petition pursuant to

§ 2244(a) where the issues raised, have been or could have been, presented in the

prisoner's previous habeas action addressed another district court.  *Id*. at 255.

The final claim presented in Mr. Williams' petition falls within the purview of §

2244(a) because (1) he has petitioned for a writ of habeas corpus, and (2) the

legality of his detention by the BOP following the repeal of 18 U.S.C. 4084 has

previously been determined by the Western District of Tennessee and the Sixth

Circuit Court of Appeals.  *See Williams v. T.C. Outlaw*, U.S.D.C. 05-2305-B/P (W.D.

Tenn. Mar. 31, 2006); *Williams v Outlaw*, U.S.C.A. No. 06-5560 (6th Cir. Dec. 5,

2006).  Moreover, the United States District Court for the Eastern District of

Kentucky, dismissed a redundant § 2241 challenge for similar reasons.  *See Williams*

*v. Zuercher*, No. 09-CV-127, 2010 WL 420066 (Feb. 1, 2010).  Accordingly, the final

claim of Mr. Williams' habeas petition is dismissed pursuant to 28 U.S.C. § 2244(a).

An appropriate Order follows.

                                             **/s/ A. Richard Caputo**
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**

**Date: February 20, 2014**